## 64686. BANKSTON v. THE STATE.

BENHAM, Judge.

Appellant was convicted of two counts of burglary and several counts of theft by receiving. Those convictions were affirmed by this court on the first appearance of this case at 165 Ga. App. 184 (299 SE2d 85) (1983). On certiorari, the Supreme Court reversed this court's affirmance of one of the burglary counts because of our reliance on the rule that where a burglary is proven, recent unexplained possession of the stolen goods by the defendant creates an inference sufficient to convict even without direct proof or circumstantial evidence that the defendant committed the burglary. *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). In its opinion the Supreme Court directed this court to consider the question of whether the evidence adduced at trial was sufficient to support the conviction under the Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), reasonable-doubt standard. *Bankston*, supra, p. 731. We turn, therefore, to a consideration of the evidence which bears on the burglary conviction here involved.

The stolen item involved in this appeal is a radio, the theft of which was discovered on May 22, 1980. The owner of the radio testified that he saw the radio in his aircraft on May 15 and that it was inoperative on that date. Appellant testified that he bought the radio in late April or early May from a salvage dealer. There was evidence that appellant turned the radio in to a repair shop for repairs on May 23, 1980, and told an employee of that business several different and inconsistent stories concerning how the radio came into his possession. Appellant testified that certain specialized tools were available to remove the radio from the aircraft without damage, as was done in the case at bar, and that he possessed those tools.

Considering the evidence set out above, along with appellant's recent possession of the stolen radio, we find that there was sufficient evidence to convince any rational trier of fact beyond a reasonable doubt of the existence of the essential elements of the crime of which appellant was convicted in this case. *Baldwin v. State*, 153 Ga. App. 35 (264 SE2d 528) (1980).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 10, 1984.

*Kenneth Lamar Gordon,* for appellant.
*John T. Strauss, District Attorney,* for appellee.