42721. CUNNINGHAM v. THE STATE.
(342 SE2d 299)

BELL, Justice.
The appellant, George Cunningham, was convicted for the mur-

der of his brother, Freddie Cunningham, and received a life sentence.[1] He appeals, and we affirm.

At the time of the incident in question, appellant lived with his parents and Freddie. Appellant's father, Johnny Cunningham (hereinafter Mr. Cunningham), testified that at about 11:30 p.m. on the evening of January 29, 1985, George and Freddie argued for approximately five minutes while in his presence. According to Mr. Cunningham, Freddie went to his room and later returned with an unloaded .22 caliber rifle. Mr. Cunningham testified that Freddie did not point the weapon at anyone or pull the trigger. Freddie's mother asked Freddie to return to his room and "sleep it off," and he did so.

Mr. Cunningham and George went for a drive, and returned about twenty-five minutes later. At that time Freddie was asleep; Mr. Cunningham then went to bed. About thirty minutes later Mr. Cunningham was awakened by George. Mr. Cunningham testified that George, who was holding an ax in his hand, told him to "call the police for me and call the ambulance for Freddie, I done killed him." Mr. Cunningham went to Freddie's room and found him lying on his back on a couch. He had his eyes closed and blood running down the side of his face. According to Mr. Cunningham, George then left the house.

Freddie was taken to a hospital for treatment, but later died as a result of extensive brain trauma. The treating physician testified that Freddie's injuries, which were on the right side of his head, were consistent with having been struck with the blunt end of an ax.

Two witnesses testified that George came by their homes, which were just down the road from his, both before and after the murder. One of the witnesses, Anniebell Jackson, testified that George first came by her house between 8:00 and 8:30 p.m., and told her that he had to kill Freddie that night because Freddie had slapped their father. Jackson testified that when George came by her house the second time, he told her that he had "done what I told you . . . I have killed [Freddie]. . . ."

George also visited Carolyn Thomas that evening. She said that he came to her house twice, but that she could not remember the times. During his first visit, George told her that Freddie had pulled a gun on him and had knocked his father around. She added that George informed her that no one pulled a gun on him without getting

---

[1] The murder occurred on January 29, 1985, and Cunningham was indicted on March 26, 1985. He was found guilty and sentenced on June 12, 1985. The transcript was certified by the court reporter on June 24, 1985, and Cunningham moved for a new trial on July 10, 1985. The motion was denied July 25, 1985, and Cunningham filed his notice of appeal on August 21. The case was docketed in this court on October 3, 1985, and submitted for decision without oral arguments on November 15, 1985.

killed. She stated that George later came back to her house and told her that he had killed Freddie.

George did not testify at trial, but two statements made by him to police officers were admitted into evidence following a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), hearing. One of the statements was oral. As related by Gwinnett County Police Department Patrolman Randy Thomas, George stated that he was tired of being threatened and harassed by Freddie, and he therefore decided to hit Freddie with the ax. In his written statement, George stated that he and Freddie had been drinking heavily and that at about 9:00 p.m. Freddie slapped their father and pointed the .22 caliber rifle, which was unloaded, at George and his father and pulled the trigger. George stated that there was an ax near the door to the room and that he picked it up and hit Freddie on the left side of the head with the blunt side of the ax.

1. In his first enumeration of error George challenges the sufficiency of the evidence. However, after reviewing the evidence in a light most favorable to the jury's verdict, we find that a rational trier of fact could have found the essential elements of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error George contends that the trial court erred in admitting his written statement into evidence. We disagree.

At the *Jackson v. Denno* hearing, Detective John Latty of the Gwinnett County Police Department, who took the written statement from George, testified that he interviewed him at about 2:00 a.m. on January 30, a couple of hours after the killing. As George told Latty that he could not read, Latty read George his *Miranda* rights, as well as the contents of a waiver of rights form. According to Latty, George said he understood his rights, and agreed to waive them. George signed the waiver of rights form by making an "X" in the signature space provided on the form. Detective Latty added that he then took a written statement from George, and had another officer who was present during the interview read it back to him. George then made an "X" mark on each page to indicate that he understood the statement.

Detective Latty testified that he did not make any promises or threaten or coerce George in order to make him give the statement. Latty stated that George had registered .30 blood-alcohol level on an intoximeter test, but added that George was well in control of himself and knew what he was saying.

George did not testify at the *Jackson v. Denno* hearing, and, following Latty's testimony, the trial court found that the statement was voluntary; that Cunningham had been properly advised of his *Mi-*

*randa* rights; and that the statement was therefore admissible.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a [statement] will be upheld on appeal. [Cits.]" *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985). Under the circumstances of this case, we find that the trial court was authorized to conclude that, despite Cunningham's intoxication and his limited education, he gave a voluntary statement and made a knowing and intelligent waiver of his *Miranda* rights. *Strickland v. State*, 250 Ga. 624 (2) (300 SE2d 156) (1983); *Gates v. State*, 244 Ga. 587 (1) (261 SE2d 349) (1979), cert. den. 445 U. S. 938 (1980).

3. In his third enumeration of error George contends that the trial court erred in admitting his oral statement into evidence. The oral statement was given shortly before the written statement, to an officer who arrested George at his parent's house and took him to the police station. Having reviewed the facts and circumstances surrounding the oral statement, some of which are similar to those surrounding the written statement, we conclude that the trial court was authorized to find that the statement was volunteered by George while in custody but at a time when he was not under interrogation. We find no error. *Williams v. State*, 249 Ga. 839 (4) (295 SE2d 74) (1982); *Stevens v. State*, 247 Ga. 698 (7) (278 SE2d 398) (1981).

4. In his fourth enumeration of error George contends that the trial court erred in denying his motion to suppress the introduction of the ax into evidence. The motion was based on George's allegation that the ax was obtained pursuant to an illegal search of his parents' house.

This enumeration of error, however, is contained in a supplemental brief that was filed more than twenty days after the case was docketed in this court. Accordingly, the enumeration is untimely, and therefore is waived. *Trenor v. State*, 252 Ga. 264 (8) (313 SE2d 482) (1984). See Rule 39 of this court, 252 Ga. A-1, A-8.

Moreover, since it is undisputed that George struck and killed Freddie with the family ax, we find no reasonable possibility that the introduction of the ax into evidence might have contributed to the verdict, and hold that, even if any error occurred in the admission of the ax, it was harmless beyond a reasonable doubt. *Muff v. State*, 254 Ga. 45, 48 (2) (326 SE2d 454) (1985); *Ballard v. State*, 252 Ga. 53 (1) (311 SE2d 453) (1984); *Wilson v. Zant*, 249 Ga. 373 (1) (290 SE2d 442) (1982), cert. den. 459 U. S. 1092 (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 23, 1986 —
RECONSIDERATION DENIED MAY 13, 1986.

*Margaret G. Washburn, Lawrence L. Washburn III,* for appellant.

*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.