### 43040. THE STATE v. HARRIS.
(343 SE2d 483)

SMITH, Justice.

The appellee, Ricky Lamar Harris, shared a house with Warren Favors. Favors failed to return home for three days and Harris called Favors' mother in Ohio. She told Harris to contact the authorities. Harris contacted the sheriff's office and reported that Favors was missing. Three days after Harris filed the report, the sheriff's office began an investigation. Harris was questioned every day for four days and gave the deputy the same story each time he was questioned. Harris continued to work at his regular job, made no effort to flee, and was available for questioning at all times. On the fifth day, a body was found in a well behind Favors' house. It was tentatively identified as Favors, and there was what appeared to be a shotgun wound in the chest. Harris was immediately picked-up and put in jail. He was not told that he was a suspect, nor was he told that he was under arrest, and no warnings of any kind were given to him. Approximately thirty to forty-five minutes after Harris was locked in jail he

[2] Ga. L. 1983, p. 884, § 1-1.

was taken to the sheriff's office where he was advised of his Miranda rights and signed a waiver. He made several statements to the officials who interrogated him. He originally told them that Favors was involved in a drug deal with two men who killed him. When the officials told him that they did not believe him, he then told them that he shot Favors. He remained in jail overnight and the next day a warrant was issued for his arrest.

The attorney appointed for the appellee filed a motion in limine to suppress the statement, and the trial court after hearing the motion granted it. We affirm.

The appellant, the State of Georgia, filed an application for an interlocutory appeal which was denied on December 19, 1985. On December 23, 1985, the State, pursuant to OCGA § 5-7-1 (4) filed this direct appeal.

1. The state asserts that the trial court erred in finding that the appellee was under an illegal arrest at the time he made the incriminating statements.

The facts of this case are strikingly similar to the facts in *Dunaway v. New York*, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979), in which the United States Supreme Court held that Dunaway was "seized" for Fourth Amendment purposes when he was taken to a police station without probable cause and questioned, that the seizure violated the Fourth Amendment, and that his subsequent confession was inadmissible.

Harris, like Dunaway, was at a neighbor's house when he was taken into custody without being told that he was under arrest. Dunaway was taken to an interrogation room where he was given Miranda warnings and questioned. Harris was taken to jail and locked in a cell for approximately thirty to forty-five minutes before he was taken to the sheriff's office where he was given his Miranda warnings and questioned. The state in *Dunaway* conceded that there was no probable cause to arrest him prior to his incriminating statement. Here, in open court, after hearing all the evidence at the suppression hearing, the state conceded, "[T]here is probably no probable cause, especially there being a warrantless arrest." The trial court held, "Under the facts of this case, the Court has no alternative but to find that Deputy Johnson's acts of picking up the defendant, taking him to jail, and locking him in a cell, constituted a warrantless arrest for which there was no probable cause." "There was evidence to support the findings of the court of [a lack of] probable cause as the trior of fact, and it is not shown that the court abused its discretion in [granting] the motion to suppress. [Cits.]" *Bellamy v. State*, 134 Ga. App. 340, 341 (214 SE2d 383) (1975). Also, we have often held that, "[o]n appeal, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Muff v. State*,

254 Ga. 45, 48 (326 SE2d 454) (1985); See also *Cunningham v. State,* 255 Ga. 727 (342 SE2d 299) (1986). There can be little doubt that Harris, like Dunaway, was seized without probable cause in the Fourth Amendment sense. The sheriff's office violated the "Fourth and Fourteenth Amendments when, without probable cause, they seized [Harris] and transported him to the [jail] for [later] interrogation." *Dunaway,* supra, 442 U. S. at 216. We find no error.

2. The state asserts that the trial court erred in suppressing the appellee's statements.

The court in *Dunaway* also faced the question of "whether the connection between [the] unconstitutional police conduct and the incriminating statements . . . obtained during [the] illegal detention was nevertheless sufficiently attenuated to permit the use at trial of the statement. . . . See *Wong Sun v. United States,* 371 U. S. 471 [83 SC 407, 9 LE2d 441 (1963)]; [Cits.]" *Dunaway,* 442 U. S. at 216. The *Dunaway* court looked to *Brown v. Illinois,* 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975). "*Brown* identified several factors to be considered 'in determining whether the confession is obtained by exploitation of an illegal arrest (:t)he temporal proximity of the arrest and the confession, the presence of intervening circumstances, . . . and, particularly, the purpose and flagrancy of the official misconduct . . . . And the burden of showing admissibility rests, of course, on the prosecution.' [Cit.]" *Dunaway,* 442 U. S. at 218. As previously noted, the state conceded in open court that the officers lacked probable cause at the time of the arrest. Here the arrest and the confession were within three hours of one another, there were no intervening circumstances, and the purpose of the questioning was obviously to obtain a confession. The trial court was authorized to find that the state did not sustain its burden of showing admissibility. We find no error.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent.*

MARSHALL, Chief Justice, dissenting.

The body of the victim, Warren Favors, was found in a well behind the house which the defendant Harris had shared with Favors prior to Favors' disappearance. There was what appeared to be a shotgun wound in the chest of the body. In my opinion these facts constituted ample probable cause to arrest Harris and place him in jail without a warrant. I would therefore hold that the subsequent statements made by Harris were admissible against him in the trial for the murder of Favors.

I therefore respectfully dissent. I am authorized to state that Justice Weltner concurs in this dissent.

DECIDED MAY 28, 1986.

*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney,* for appellant.
*Eugene P. Baldwin,* for appellee.