### 72495. HOWARD v. THE STATE.
(350 SE2d 825)

BENHAM, Judge.

This appeal is from appellant's conviction of burglary.

1. Appellant first enumerates as error the admission into evidence of a statement he made to police officers after his arrest. The basis of his argument is that the State did not bear its burden of proving that the statement was voluntary.

"In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court 'must consider the totality of the circumstances' and must determine the admissibility of the statement under the 'preponderance of the evidence' standard. Unless the factual and credibility findings of the trial court are 'clearly erroneous,' the trial court's decision on admissibility will be upheld on appeal. [Cit.]" *Fowler v. State*, 246 Ga. 256, 258 (271 SE2d 168) (1980).

A police officer swore that he informed appellant of his rights at the time of the arrest; that he made no promises or threats to appellant; and that although he was not present during all of the questioning, he heard appellant make an oral statement consistent with the written one and witnessed appellant signing the written statement. Appellant offered no evidence on the issue of the voluntariness of his statement. Under those circumstances, the trial court's decision was not clearly erroneous and provides no reason to reverse the conviction.

2. Appellant's second enumeration of error is that the evidence was not sufficient to support the verdict. Testimony by the arresting

officer and the manager of the business which was the victim of the burglary established that appellant was found in possession of items taken from the business premises after a forcible entry. In his statement to the police, appellant admitted entering the building but said that he only took some items for the purpose of demonstrating to the police that a burglary had occurred. The office where appellant allegedly intended to make that report was across the street from the crime scene, but appellant was apprehended several blocks away. At trial, appellant again admitted that he entered the building, but he swore that he took nothing from inside. He claimed that the items in his possession were in a bag he found in an alley adjoining the burglarized premises and that he had not looked into the bag before being arrested.

Appellant's possession of goods stolen in a burglary supports an inference that appellant is guilty of the burglary. *Bankston v. State,* 251 Ga. 730 (309 SE2d 369) (1983). Taking that inference into consideration along with the other evidence mentioned above, we hold that there was sufficient evidence to convince any rational trier of fact beyond a reasonable doubt of the existence of the essential elements of the crime of which appellant was convicted. *Bankston v. State,* 170 Ga. App. 864 (318 SE2d 737) (1984); *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 13, 1986.

*P. Craig Davis,* for appellant.

*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Thomas J. Mathews, Assistant District Attorneys,* for appellee.