## 74086. RICHARDSON v. THE STATE.
(357 SE2d 162)

Pope, Judge.

Defendant Timothy Wayne Richardson brings this appeal from his conviction of 7 counts of burglary. *Held*:

1. The State has made a motion to dismiss this appeal based on what defendant contends was a "clerical error" in filing his enumerations of error. (It appears that the enumerations originally filed by defendant pertained to another case.) In response to the State's motion, defendant filed amended enumerations of error and sought to withdraw his original enumerations. Defendant's brief, which was filed contemporaneously with his original enumerations, addressed those matters that were later raised by way of defendant's amended enumerations.

Under these facts, and in keeping with our policy to make every effort to enter a decision on the merits in a criminal case, the State's motion to dismiss is denied. See *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170) (1985); OCGA § 5-6-48.

2. In his amended enumerations, defendant first enumerates as error the trial court's denial of his motion in limine to suppress his signed confession (which was also tape recorded), which he made shortly before his arrest. In support of this enumeration, defendant relies on the case of *State v. Harris*, 256 Ga. 24 (343 SE2d 483) (1986), in which the Supreme Court of this State upheld the trial court's finding that defendant's statement was not voluntarily given. In support of his argument that *Harris* is controlling in the case sub judice, defendant points to testimony elicited during the *Jackson-Denno* hearing that he was kept at police headquarters approximately four hours before he gave his confession and that he considered himself under arrest the entire time he was there. Defendant also points to Officer Carter's testimony that he lacked probable cause to arrest defendant at the time defendant was asked to come to the station for questioning. However, it was also established that defendant came to the station voluntarily when Officer Carter requested that he do so; that he was never told that he was under arrest until after he signed his confession; that Officer Carter questioned defendant and defendant's wife and defendant's parents during the four-hour period before defendant's arrest; that Officer Carter gave *Miranda* warnings not only to defendant but also to defendant's wife; and that defendant was not actually confined until after he gave his statement. The record also shows defendant had voluntarily accompanied Officer Carter to the station for questioning some 3 months prior to the date on which he gave his confession and had been released following questioning on that date.

Central to the holding in *Harris* was the finding that the defend-

ant in *Harris* was *seized* without probable cause and transported to jail. We agree with the trial court that the facts in the case sub judice fail to show a similar impermissible seizure. "In the absence of evidence that the court's findings were clearly erroneous or are a clear abuse of its discretion, its findings at a *Jackson-Denno* hearing will not be disturbed on appeal. *Sanborn v. State*, 251 Ga. 169, 170 (304 SE2d 377) [(1983)]. The court's findings are not clearly erroneous and we have found no abuse of its discretion." *Jackson v. State*, 180 Ga. App. 774, 777 (350 SE2d 484) (1986).

3. In a related enumeration defendant argues that the trial court erred in admitting his confession because it was obtained by threats and coercion. The record shows that during the *Jackson-Denno* hearing to determine the voluntariness of defendant's confession it was established that defendant was fully advised of his rights, that he signed a waiver of rights form, that he understood his rights and that he was not under the influence of drugs or alcohol. Also during the hearing, however, defendant testified that Officer Carter threatened to incarcerate his wife and take away his child, and that he signed the confession because of these threats. Defendant admitted Officer Carter never made these threats to him, but that his wife told him about the threats before he signed his confession. Defendant's wife testified that she did not know if she told the defendant about the threats before or after he signed the confession. Officer Carter denied that any threats were made to defendant or his family.

" 'In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court "must consider the totality of the circumstances" and must determine the admissibility of the statement under the "preponderance of the evidence" standard. Unless the factual and credibility findings of the trial court are "clearly erroneous," the trial court's decision on admissibility will be upheld on appeal. (Cit.)' *Fowler v. State*, 246 Ga. 256, 258 (271 SE2d 168) (1980)." *Howard v. State*, 180 Ga. App. 817 (1) (350 SE2d 825) (1986); *Cunningham v. State*, 255 Ga. 727 (2) (342 SE2d 299) (1986); *Pierce v. State*, 180 Ga. App. 847 (1) (350 SE2d 781) (1986). Under the circumstances of this case, we find no error in the trial court's conclusion concerning the admissibility of defendant's confession.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 7, 1987.

*Dan T. Pressley, Sr.,* for appellant.

*Michael H. Crawford, District Attorney, Leonard M. Geldon, Assistant District Attorney,* for appellee.