## 76664. CRUMBSY v. THE STATE.
### (372 SE2d 669)

McMURRAY, Presiding Judge.

Defendant was convicted of three violations of the Georgia Controlled Substances Act: possession of marijuana with intent to distribute, selling marijuana, and selling cocaine. Defendant appeals. *Held*:

1. Defendant raises for the first time on appeal the contention that he was not afforded effective assistance of trial counsel. On October 13, 1987, a motion for new trial was filed on behalf of defendant by appellate counsel, not by trial counsel. Since that motion remained pending before the trial court, until denied by an order filed January 26, 1988, defendant's case became subject to the rationale of the decision in *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (decided September 9, 1987). Therefore, since the case sub judice was pending before the trial court when *Thompson* became effective, the failure to amend the previously filed motion for new trial to include the claim of ineffective trial counsel results in a waiver of that claim. *Foote v. State*, 184 Ga. App. 900 (1) (363 SE2d 180).

2. Defendant also enumerates as error the trial court's ruling, after a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing, admitting into evidence defendant's incriminating statements to law enforcement officers. The State's evidence shows that defendant was twice advised of his *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) rights prior to making the statement at issue; that defendant was not threatened; that no promises were made to defendant; that defendant indicated that he was willing to make a statement; that defendant refused to sign a form acknowledging receipt of the *Miranda* warnings; and that defendant appeared to know what he was doing. Defendant made an oral statement to law enforcement officers which was reduced to a writing by an officer and signed by defendant. Defendant's evidence is that his reason for not signing the *Miranda* warnings form was so he would not have to answer questions without an attorney and that the written statement had been altered after he signed it. " ' "In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court 'must consider the totality of the circumstances' and must determine the admissibil-

ity of the statement under the 'preponderance of the evidence' standard. Unless the factual and credibility findings of the trial court are 'clearly erroneous,' the trial court's decision on admissibility will be upheld on appeal. (Cit.)" *Fowler v. State*, 246 Ga. 256, 258 (271 SE2d 168) (1980).' *Howard v. State*, 180 Ga. App. 817 (1) (350 SE2d 825) (1986); *Cunningham v. State*, 255 Ga. 727 (2) (342 SE2d 299) (1986); *Pierce v. State*, 180 Ga. App. 847 (1) (350 SE2d 781) (1986)." *Richardson v. State*, 182 Ga. App. 827, 828 (3) (357 SE2d 162). See *Cannon v. State*, 257 Ga. 475, 477, 478 (2) (360 SE2d 592). Under the circumstances of the case sub judice, we find no error in the trial court's ruling concerning the admissibility of defendant's incriminating statements.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1988.

*Frank B. Hester*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas Jones, Richard E. Hicks, Assistant District Attorneys*, for appellee.