## 77516. HOLLAND v. THE STATE.
### (378 SE2d 513)

POPE, Judge.

Defendant Steve Randy Holland was convicted of burglarizing two houses on Sand Mountain in Dade County and appeals.

1. Defendant objects to the admissibility of testimony by three different witnesses concerning statements they heard him make. According to one who witnessed defendant's arrest, while defendant was being held in the back of the patrol car at the scene of the crime he exhibited belligerent behavior and, upon hearing statements made by the victim, hollered out: "[D]on't pay any attention to the old woman, she's lying." Defendant objected to the testimony on the ground the substance of defendant's statement was not furnished to his counsel prior to trial in response to his demand for such statements pursuant to OCGA § 17-7-210. Said code section "protects an accused from the introduction at trial of incriminating or inculpatory statements made by him while in custody unless he has been furnished with written copies of these statements prior to trial." *Wallin v. State*, 248 Ga. 29, 32 (279 SE2d 687) (1981). We find no error in admitting this testimony concerning defendant's statement, even though it was not furnished to defendant's counsel, because it was not inculpatory. See *Ledesma v. State*, 251 Ga. 487 (5) (306 SE2d 629) (1983), cert. denied 464 U. S. 1069 (1984); *Hilburn v. State*, 166 Ga. App. 357 (304 SE2d 480) (1983).

The arresting officer testified that defendant confessed to the crimes after defendant was taken to the sheriff's office and fully advised of his rights. Defendant objects to the admissibility of his confession because he claims it was the product of an illegal arrest. The officer testified that while he was at the scene of the crime, he saw defendant walking down the road approximately 350 yards from one of the houses burglarized. When he approached defendant, he smelled the odor of alcohol and observed other indicia of intoxication. He also observed that defendant had a cut on one of his hands. The officer had earlier learned that the victim's house had been entered through a broken window and a stain resembling blood had been found on the curtains. The officer informed defendant he was under arrest for public drunkenness and that he wished to ask him about the burglary

that had occurred at the victim's house. In response, defendant shoved the officer in the chest, turned and ran. The officer tackled the defendant in order to restrain and place him in handcuffs.

When questioned at the *Jackson-Denno* hearing, the officer admitted the defendant's intoxication was manifested only by the smell of alcohol, slurred speech and a staggering gait. He did not exhibit boisterousness, vulgarity or profanity. Consequently, defendant argues his arrest was illegal and the statements made subsequent to arrest were inadmissible. However, the officer testified that before interrogating defendant he informed him he was under arrest not only for public drunkenness, but also for burglary, obstruction of an officer and possession of marijuana. The testimony clearly established probable cause for arresting defendant for burglary and for obstruction of an officer. Thus, defendant's confession was not inadmissible as the product of an illegal arrest. Cf. *State v. Harris*, 256 Ga. 24 (1) (343 SE2d 483) (1986) (where the defendant was locked in a cell before being interrogated without probable cause to arrest him prior to his making the incriminating statement).

Defendant also objects to the admissibility of statements made by defendant to the court officer who transported him from jail to appear at a preliminary hearing because at the time he had exercised his right to counsel. The officer testified that the statements were made freely and not in response to any questions posed by him. Under these circumstances, the defendant's statements were not inadmissible. See *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980).

2. Because we hold that the court did not err in admitting testimony concerning the defendant's confession, we need not address his remaining enumerations of error asserting the general grounds and asserting that the court erred in denying his motion for directed verdict.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1989.

Hatcher, Johnson & Meaney, James A. Meaney III, for appellant.

David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney, for appellee.