## A89A1928. RHAMES v. THE STATE.
### (387 SE2d 353)

DEEN, Presiding Judge.

The appellant, Alexander Rhames, was convicted of 6 counts of terroristic threats and acts. On appeal, he contends that the trial court erred in admitting his custodial statement into evidence, and that the evidence was insufficient to support the conviction.

Rhames worked in a division of a state agency for over a year before his employment was terminated. The victim was the director of that division. In late August and early September 1987, the victim received 6 telephone calls in which the male caller threatened to kill, or sexually assault and kill, either the victim singly or the victim and her daughter. Five of the telephone calls were recorded on the victim's answering machine or a recorder, and two of the calls were traced by Southern Bell to Rhames's residence. A voice analyst with the state crime lab testified that based on his analysis of the voices on the tapes, the same person made all of the calls.

Rhames denied making any of the calls. He also explained that his employment at the state agency was terminated when he could not report to work due to a neck injury. A friend of his also testified that Rhames was at his house at the time one of the phone calls was supposedly made, and that Rhames had not used the telephone. *Held*:

1. The arresting officer advised Rhames of his *Miranda* rights before taking him to the GBI office, and also told him that he expected Rhames to explain his involvement in the case. When they arrived at the GBI office, Rhames remarked that there was a lot more involved in the case than the officer realized, but that he wanted to talk with his wife and attorney before making any comment. The arresting officer did not ask Rhames any more questions; however, as the officer filled out the GBI arrest record, Rhames stated further that during his employment at the state agency, he had been involved in a "war" between his immediate supervisor and the victim. Consequently, he had been forced to resign from the department.

"[O]nce an accused in custody invokes the right to counsel, he should not be subject to further interrogation by the authorities until counsel is present, unless the accused himself initiates further communication, exchanges or conversations with the police. [Cit.]" *Roper v. State*, 258 Ga. 847, 849 (375 SE2d 600) (1989). Following a *Jackson-Denno* hearing, the trial court determined that Rhames freely and voluntarily made the statement to the arresting officer after invoking his right to counsel, thus waiving that invocation. Because the

trial court's findings are not clearly erroneous in this case, this court will not disturb the ruling below. *Crumbsy v. State*, 188 Ga. App. 286 (372 SE2d 669) (1988).

2. Viewed in the light most favorable to the prosecution, the evidence certainly authorized a rational trier of fact to find Rhames guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989 —
REHEARING DENIED OCTOBER 16, 1989 —

*Stewart A. Anshell, Daniel E. Gavrin*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, David Wright, Joseph J. Drolet, Assistant District Attorneys*, for appellee.