## A90A0125. LAWRENCE v. THE STATE.
(393 SE2d 475)

DEEN, Presiding Judge.

The appellant, Hubert Lawrence, was convicted of child molestation. The victim was the 11-year-old daughter of another member of the church attended by Lawrence; the alleged incident of fondling the child's breasts and vagina took place in Lawrence's double-wide trailer following their return from a brief ride in his recreational vehicle. On appeal he attacks the admission of certain evidence, and the sufficiency of the evidence to support the conviction. *Held:*

1. The victim told her mother about the incident as soon as she got home, but the victim's mother did not report the matter to the police until several weeks later. At the request of the investigating officer, the victim's mother allowed the police to record a telephone conversation she had with Lawrence, in which Lawrence indicated that he had only fondled the child. The jury, assisted by a transcript, listened to the recording during the trial, and reheard the recording after beginning its deliberations.

At trial Lawrence objected to the initial admission and playing of the recording on the basis that the State, by not showing that the recording was a good reproduction of the conversation, had failed to lay a proper foundation. He also contended that replaying the record-

ing for the jury was unduly prejudicial.

Lawrence attacks the admissibility of the recording under OCGA § 16-11-66, concerning consensual interception of telephone messages, for the first time on appeal, and we thus will not consider it. *Ortiz v. State*, 189 Ga. App. 428 (375 SE2d 891) (1988). Granting the jury's request to rehear the recording was within the trial court's discretion, and Lawrence has shown no special circumstances making the decision to replay an abuse of that discretion. *Sexton v. State*, 189 Ga. App. 12 (374 SE2d 824) (1988).

2. Following his arrest, Lawrence was advised of his *Miranda* rights. He made no request for counsel, but denied fondling the victim. When confronted by the fact of the recorded telephone conversation with the victim's mother, however, Lawrence admitted the incident. Lawrence contends that this statement was improperly admitted into evidence, because he had not fully understood what was taking place during the interrogation. The interrogating officers, however, testified that Lawrence had been aware of the situation and had freely and voluntarily given the statement.

The trial court's decision on the admissibility of a statement will be upheld on appeal unless the trial court's factual and credibility findings are clearly erroneous. *Crumbsy v. State*, 188 Ga. App. 286 (372 SE2d 669) (1988). We do not find the trial court's findings in this case to be clearly erroneous.

3. The evidence authorized a rational trier of fact to find Lawrence guilty beyond a reasonable doubt of child molestation as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 3, 1990.

*S. Fenn Little, Jr.*, for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.