A90A0921. ANDREWS v. THE STATE.
(398 SE2d 803)

POPE, Judge.

Appellant Tracy Andrews was convicted of trafficking in cocaine and possession of a firearm during the commission of a felony. He was sentenced to serve a total of 25 years and was fined $100,000.

Andrews was stopped for speeding by Officer Villafane of the City of Atlanta police. After failing to produce either a driver's license or proof of insurance, Andrews was placed under arrest. A pat-down search of Andrews after his arrest revealed a substance concealed in plastic bags inside his shorts and in his pockets which later proved to be 32.3 grams of 87 percent pure cocaine. A search of the car revealed a pistol hidden under the front seat on the passenger side of the car, a beeper and cash in the amount of $2,070. Police found an additional $123 on Andrews.

1. Andrews argues the trial court erred in denying his motion to dismiss the case because of prosecutorial misconduct. The record shows that an assistant district attorney approached Andrews at a preliminary hearing and attempted to negotiate a plea bargain with him at a time when she knew or should have known that Andrews was represented by counsel. Andrews refused to negotiate and told her he would do nothing without his lawyer, who was late for the hearing. No bargain was ever made and the case proceeded to trial. The trial court acknowledged that the conduct by the assistant district attorney was improper, but found that no harm was done and therefore denied the motion to dismiss. On appeal, Andrews has not shown any harm nor can we find any in the record before us. The trial court did not err. See *United States v. Morrison*, 449 U. S. 361 (101 SC 665, 66 LE2d 564) (1981).

2. Andrews argues the trial court's charge on circumstantial evidence was error. The trial court charged as follows: "Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your experience." This charge, read in light of the charge as a whole, was sufficient. See *Terrell v. State*, 258 Ga. 722 (3) (373 SE2d 751) (1988).

3. Andrews argues the trial court committed error in overruling his motion for mistrial after the State elicited testimony from Officer Villafane about Andrews' statement to Villafane that he did not know anything about the gun found in the car. Andrews argues that the statement was not provided to him pursuant to his OCGA § 17-7-210 request. We find no error. The statement was not inculpatory and thus was not required to be produced by OCGA § 17-7-210. See *Holland v. State*, 190 Ga. App. 169 (1) (378 SE2d 513) (1989).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 6, 1990.

*Lawson, Washington & Thornton, Charles S. Thornton*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, William Hawthorne, Richard E. Hicks*, Assistant District Attorneys, for appellee.