## A91A1502. BLIGE v. THE STATE.
### (416 SE2d 160)

COOPER, Judge.

Appellant was convicted by a jury of burglary. On appeal, he enumerates as error the admission of his confession as well as the admission of his invocation of his constitutional right to remain silent.

Viewed in a light favorable to the jury verdict, the evidence adduced at trial reveals that officers with the Savannah Police Department responded to a burglary in progress call. When the officers entered the residence, they found appellant hiding in a hole inside a bathroom closet. A search of appellant yielded a gold bracelet and watch that were found in his left front pocket. The officers also found a stack of electronic equipment on the back porch of the residence, and a window on the rear door of the residence had been removed. Appellant was then arrested and charged with burglary. The items found on appellant as well as the items stacked on the porch were identified at trial as belonging to the resident of the house.

1. Appellant first contends that the trial court erred in admitting his confession. A detective interviewed appellant shortly after his arrest and advised appellant of his *Miranda* rights. The detective also advised appellant that there were other charges pending against him which were unrelated to the burglary under investigation. Appellant informed the detective that he did not want to make a statement and indicated in writing on a waiver form that he did not understand his rights and that he did not want to make a statement. However, the detective testified that approximately three to five seconds after appellant initialled the waiver form, without any questioning by the detective, appellant admitted committing the burglary at the residence where he had been apprehended. The trial court conducted a *Jackson-Denno* hearing on the admissibility of appellant's statement and ruled that appellant's confession was admissible. The trial court specifically found that after the detective read appellant his rights, no further questioning took place and that the confession was spontaneous on the part of appellant. " '(O)nce an accused in custody invokes the right to counsel, he should not be subject to further interrogation by the authorities until counsel is present, unless the accused himself initiates further communication, exchanges or conversations with the police. (Cit.)' [Cit.]" *Rhames v. State*, 193 Ga. App. 199 (1) (387 SE2d 353) (1989). The trial court's findings were not clearly erroneous, therefore, they will not be disturbed. Id. at 200.

2. In his second enumeration of error, appellant argues that the trial court erred in allowing the detective to testify that appellant invoked his constitutional right to remain silent. The detective testified that after reading appellant his rights, he asked appellant whether he wanted to talk and appellant checked the "No" box on the waiver

form. Appellant's counsel objected. " 'Improper reference to a defendant's silence . . . does not automatically require reversal.' [Cit.] Here, . . . the information was 'inadvertently elicited,' and the determination of whether this was harmful or harmless error must be determined when 'juxtaposed against the strength of the evidence of [appellant's] guilt. [Cit.]' [Cit.]" *Glanton v. State*, 189 Ga. App. 505, 507 (3) (376 SE2d 386) (1988). Appellant was found inside the burglarized residence with items stolen from the residence in his pockets, and he subsequently confessed committing the burglary. In light of the overwhelming evidence of appellant's guilt, we find no reversible error in the reference to appellant's silence.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 3, 1992.

*Calhoun & Associates, Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney*, for appellee.