## 72612. BROWN v. THE STATE.
(349 SE2d 250)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of aggravated assault upon a peace officer. *Held*:

1. Defendant contends that his trial counsel was ineffective in that "it seems highly probable that the defense attorney made no effort to prepare for this case, nor did he research the law before trial and competently represent the case by questioning witnesses properly." On the day prior to trial the trial court heard argument and denied trial counsel's motion to withdraw as counsel due to the alleged failure of defendant to pay certain agreed attorney fees. In the course of colloquy, in regard to this motion, trial counsel stated the limited extent of his efforts in pursuit of the defense of the case against defendant. However, following the trial court's ruling upon his motion to withdraw, trial counsel was aware of the need to prepare for the trial of the case. "Mere shortness of time for preparation by counsel does not ipso facto show a denial of the rights of an accused. Something more is required. *Carnes v. State*, 115 Ga. App. 387, 388

(154 SE2d 781)." *Ward v. State*, 165 Ga. App. 163, 164 (2) (300 SE2d 528). We note in this connection that the case sub judice does not involve either unusually complicated issues or large numbers of witnesses.

Nor do we find any prejudice to defendant arising solely from the collapse of the economic arrangements between defendant and trial counsel. The burden of demonstrating a constitutional violation rests upon the defendant and in the absence of a showing to the contrary we assume that trial counsel put aside any personal animosity toward defendant arising from the erroneous circumstances and rendered reasonably effective assistance. See *Carter v. State*, 176 Ga. App. 632, 633 (2) (337 SE2d 413).

During the trial of the case, the trial attorney failed in his attempt to introduce evidence as to the victim officer's reputation (defendant relied upon a showing of self-defense). When trial counsel attempted to elicit such testimony, an objection as to the absence of a proper foundation for such testimony was sustained. After repeated attempts to elicit this evidence were fruitless, defendant's trial counsel requested and was granted a brief recess. Subsequently, trial counsel elicited testimony which included a proper foundation to the inquiry as to the reputation of the victim officer, but trial counsel did not repeat his attempt to elicit the testimony regarding the officer's reputation.

In *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), the court stated a two-prong test for examining complaints that counsel has deprived a criminal defendant of his right to effective assistance. "First, the defendant must show that counsel's performance was deficient . . . Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U. S. 668, 687, supra.

As our examination of the circumstances of the case sub judice reveals that a determination of the issues presented by defendant's enumeration of error may be reached by consideration of the "prejudice component" of *Strickland* we do not reach the issue of whether counsel's performance was deficient. See in this regard *Strickland v. Washington*, 466 U. S. 668, 697, supra.

"[T]here is no actual or constructive denial of the assistance of counsel altogether, no state interference with counsel's assistance so as to amount to constitutional error of the first magnitude and no evidence of conflict of interest so as to fall within the parameters of *United States v. Cronic*, [466 U. S. 648 (104 SC 2039, 80 LE2d 657)]. Therefore, the defendant was required to affirmatively prove prejudice resulting from counsel's conduct and meet 'the burden of

showing that the decision reached would reasonably likely have been different absent the errors.' *Strickland v. Washington*, [466 U. S. 668]." *Davenport v. State*, 172 Ga. App. 848, 852 (2) (325 SE2d 173).

Although this issue was raised in an amendment to defendant's motion for new trial, the record fails to show the nature of the evidence regarding the reputation of the victim peace officer which trial counsel failed to introduce. In this connection we note that trial counsel elicited testimony from defendant as to direct threats allegedly made by the victim peace officer to defendant, and as to the defendant's fear of harm from the victim peace officer arising therefrom. Therefore, it appears that any evidence as to the peace officer's general reputation would have been redundant and unlikely to have affected the result reached by the jury. See also *Bradley v. State*, 178 Ga. App. 894 (2) (344 SE2d 772). This enumeration is without merit.

2. Defendant also enumerates as error the denial of his motion for new trial on the general grounds. We have reviewed the evidence and are satisfied that a rational trier of fact reasonably could find the defendant guilty beyond a reasonable doubt of the offense of aggravated assault upon a peace officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Wallace v. State*, 178 Ga. App. 876 (344 SE2d 770).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 19, 1986.

*Gary N. Struletz*, for appellant.

*Glenn Thomas, Jr., District Attorney, Richard Taylor, Assistant District Attorney*, for appellee.