44402. BROWN v. THE STATE.
(357 SE2d 590)

HUNT, Justice.

Adrian Dale Brown was convicted by a jury of the murder of Johnny Mac Roberts and sentenced to life imprisonment.* He appeals, raising as his sole enumeration of error the trial court's failure to grant a new trial based on ineffective assistance of counsel.

The evidence viewed in the light most favorable to the jury's verdict shows that the day the victim was killed, his common law wife, Eunice Goens, returned home where she saw the defendant and Donald Smith, the latter carrying a quart of liquor. She asked the two men to leave because she expected a probation officer to arrive and she did not want alcohol around her house. The victim, the defendant and Donald Smith went into the kitchen where the victim told the defendant to leave and stated that Mr. Smith, who was intoxicated, would be taken home. The defendant then went into the living room and told Eunice Goens, "You tell that red-headed son of a bitch that

---

* The stabbing and death of Johnny Mac Roberts occurred on September 13, 1982. The defendant was indicted on October 6, 1982 and tried on January 10, 1983. The defendant's motion for new trial was filed on February 10, 1983, dismissed on November 16, 1984, and reinstated on October 22, 1986. Defendant's amended motion for new trial was filed on January 15, 1987 and denied on January 16, 1987. The defendant filed his notice of appeal on February 5, 1987. The appeal was docketed here on February 27, 1987, and submitted for decision on April 10, 1987.

I'm going down the road, but I'm coming back to kill him." When the victim came into the living room to ask his wife what the defendant had said, the defendant took a knife out of his pocket and stabbed the victim several times. The victim had not threatened or provoked the defendant in any manner prior to the stabbing. The state medical examiner who performed an autopsy of the victim stated his opinion that the victim died as a result of a stab wound to the heart. The defendant did not deny stabbing the victim, but claimed that he acted in self-defense.

1. Based on the foregoing evidence, we conclude that a rational trier of fact could have found the defendant guilty of the crime of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends his trial counsel was ineffective in several respects and the trial court erred by failing to grant his motion for new trial on this ground. The burden is on the defendant to show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 2064, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). Further, there is a strong presumption that trial "counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment." Id. citing *Strickland v. Washington*, supra, 104 SC at 2066.

(a) The defendant claims his trial counsel was ineffective because he failed to file a demand for a copy of the indictment and list of witnesses pursuant to OCGA § 17-7-110. However, because the record reflects that trial counsel signed the indictment at the time the defendant entered his "not guilty" plea, it is apparent that the indictment, including the list of witnesses for the grand jury proceedings contained on the indictment, was available for defendant's counsel's review. The defendant has not shown that his trial counsel did not otherwise obtain the names of state's witnesses who appeared at trial or that his defense was prejudiced by any such failure.

(b) The defendant claims his trial counsel was ineffective for failing to file motions requesting copies of the defendant's statements and copies of scientific reports pursuant to OCGA §§ 17-7-210 and 17-7-211, and for failing to file a motion to disclose favorable evidence. The only statement of the defendant admitted into evidence was one which he had made to the authorities to the effect that he was acting in self-defense in stabbing the victim after the victim came at him with a stool. This statement is consistent with the defendant's testimony at trial and defendant has shown no prejudice to his defense based on his lawyer's failure to request the statement. With regard to any scientific reports which his attorney might have obtained through

an appropriate request, it appears that the defendant is referring to the report of the medical examiner. However, the defendant did not deny stabbing the victim, nor that the stabbing caused the victim's death. The defendant has shown no prejudice to his defense relating to this claim. The defendant has failed to show that there was any favorable evidence known to the prosecution which his attorney could have obtained through an appropriate request or that his defense was prejudiced in any manner by his attorney's failure to make such a request.

(c) The defendant claims his trial counsel was ineffective because he failed to move to suppress defendant's statement prior to its introduction into evidence. However, the defendant has not shown that the admission of his statement, which was consistent with his testimony at trial, prejudiced his defense. Further, the transcript reflects that the statement was made voluntarily, after a knowing and intelligent waiver of *Miranda* rights. See *Brogdon v. State*, 255 Ga. 64, 67 (1) (335 SE2d 383) (1985).

(d) The defendant next claims that his trial counsel was ineffective for failing to call two witnesses to testify at trial, alleging that these witnesses "may have been present at the time of the incident." However, defendant has failed to demonstrate what additional material or relevant evidence might have been presented by these witnesses or how his defense was prejudiced by his attorney's failure to call these witnesses.

(e) Finally, the defendant claims that his trial counsel was ineffective for failing to pursue his original motion for new trial, resulting in the dismissal of that motion. However, his motion for new trial was subsequently reinstated and heard by the trial court, and the present appeal is from the denial of that motion. Accordingly, there was no prejudice to the defense in this regard.

Because the defendant has failed to demonstrate that his trial counsel's performance was both deficient and that the deficient performance prejudiced his defense in any of the manners alleged, we find no merit to this enumeration.

*Judgment affirmed.*[1] *All the Justices concur.*

DECIDED JULY 9, 1987.

*Smalley, Cogburn & Flynt, Crisp B. Flynt,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, As-*

---

[1] The defendant was represented by different counsel at the hearing on his motion for new trial based on his claim that his trial counsel was ineffective. Therefore, and because the trial court heard and ruled on the claim of ineffective assistance of counsel, there is no need to remand this case under *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986).

sistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, for appellee.