A89A1252. BROWN v. THE STATE.
(386 SE2d 673)

DEEN, Presiding Judge.

Appellant Brown was convicted of aggravated assault and armed robbery for the shooting and stabbing of an elderly acquaintance, whose house he had entered on a pretext and had then proceeded to take a pistol and other items belonging to the victim. The victim posi-

tively identified appellant as the perpetrator, and physical evidence corroborating her account was recovered by police. Brown appeals, enumerating as error (1) the trial court's omitting to charge the jury that the defendant's failure to testify should not create a presumption against him, and (2) ineffective assistance of counsel. *Held*:

1. Scrutiny of the record indicates that no jury instruction on defendant/appellant's failure to take the witness stand was requested. Georgia courts have held that, absent a timely written request, it is not error for the trial court to omit such a charge. *Lay v. State*, 242 Ga. 225 (248 SE2d 611) (1978); *Mauldin v. State*, 167 Ga. App. 789 (307 SE2d 689) (1983). Accordingly, we find this enumeration to be without merit.

2. Appellant alleges that his trial counsel was ineffective because, *inter alia*, he failed to request the jury instruction discussed in Division 1, supra, and did not attempt to establish an alibi for defendant by calling certain witnesses who purportedly would have given alibi evidence. Our review of the record indicates, however, that the evidence of appellant's guilt was so clear-cut and overwhelming that none of the alleged instances of ineffectiveness of counsel could have prejudiced his defense. In *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988), this court cited *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), regarding the relevant two-pronged test: "(1) counsel's performance was deficient; and (2) this deficiency prejudiced the defense . . . [Cit.] In *Strickland* . . . the court approved a 'reasonably effective assistance' standard which had already been adopted in *Pitts v. Glass* [Cit.] . . . Thus, '(t)he reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial . . . The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' [Cit.]" Applying this standard, we find no merit in appellant's second enumeration.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARINGS DENIED SEPTEMBER 25, 1989.

*Clayton Jones, Jr.*, for appellant.
*Hobart M. Hind, District Attorney, L. Earl Jones, Assistant District Attorney*, for appellee.