A89A1433. BRADLEY v. THE STATE.
(388 SE2d 331)

DEEN, Presiding Judge.

Appellant Bradley was found guilty on multiple charges ensuing from a "drug bust" in which he was arrested and his roommate shot to death. He received concurrent sentences totaling fifteen years on charges of trafficking in cocaine, aggravated assault upon a peace officer, sale of cocaine, and possession of cocaine, plus five years for possession of a firearm during the commission of crimes. He was acquitted of additional charges of possession of marijuana and aggravated assault upon a second police officer, and a count of possession of cocaine with intent to distribute was held to have merged with the trafficking charge.

After denial of his motion for new trial, Bradley has appealed to this court, enumerating as error (1) the sufficiency of the evidence; (2) the State's failure to disclose promises of leniency to an accomplice, resulting in a deprivation of due process and fundamental fairness; (3) the trial court's granting, over objection, of the State's motion to excuse a juror for cause; (4), (5), (6) the trial court's giving three erroneous or incomplete jury charges; and (7) ineffective assistance of counsel, with consequent deprivation of Constitutional rights. *Held*:

1. Examination of the record in its entirety reveals that there was more than sufficient competent evidence of appellant's guilt of the charges on which he was convicted and sentenced to authorize the rational trier of fact to find him guilty beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This enumeration is without merit.

2. The record reveals that the prosecution, in response to defense counsel's motion to "Reveal the Deal" made pursuant to *Giglio v. United States,* 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972), had stated that no offer, promise, agreement, or "deal" had been made to induce an alleged accomplice to testify for the State. It was subsequently revealed, however, that the prosecutor had promised to write a "To Whom It May Concern" letter to the attorney representing the accomplice on a drug charge in a neighboring jurisdiction, stating that the accomplice had testified in the instant case. In *Patillo v. State,* 258 Ga. 255 (368 SE2d 493) (1988), our state's Supreme Court cited *McCleskey v. Kemp,* 753 F2d 877 (11th Cir. 1985), in which, in a situation analogous to that *sub judice,* a detective had offered to "speak a word" for a prosecution witness, and the Eleventh Circuit had held that the statement "offered such a marginal benefit . . . that it is doubtful it would motivate a reluctant witness, or that disclosure of the statement would have had any effect on his credibility." Id. at 884. Distinguishing *McCleskey* from the situation in *Patillo,* the Supreme Court held: "However, a failure to disclose does not 'automatically require a new trial. . . .' *Giglio,* supra, 405 U. S. at 154. Rather, reversal is required 'only if . . . there is a reasonable probability that, had the evidence [of the offer] been disclosed to the defense, the result of the proceeding would have been different.' *United States v. Bagley,* 473 U. S. 667 (105 SC 3375, 3384, 87 LE2d 481) (1985)." In the instant case, in view of the wealth of other evidence of appellant's guilt, there is no reasonable probability that disclosure of the offer to write the letter would have affected the result of the jury's deliberations. This enumeration is also devoid of merit.

3. The trial court excused a certain juror for cause after counsel had objected to the man's past experience with police officers, contending that the juror might be prejudiced thereby. The trial court is vested with discretion in rulings on such objections as appellant cites here, and absent manifest abuse that discretion will not be disturbed. *Durham v. State,* 185 Ga. App. 163, 165 (363 SE2d 607) (1987).

We find no abuse of discretion here, and consequently no merit in the third enumeration.

4. In his fourth enumeration of error, appellant alleges that the trial court failed to instruct the jury that knowledge that the victim of an aggravated assault was a peace officer was an essential element of the offense. Scrutiny of the record reveals that contrary to appellant's allegation, the trial court did give a correct and complete jury instruction on this point; this enumeration therefore has no merit.

5. Examination of portions of the transcript and record relevant to the errors assigned to the jury instructions regarding "possession"

and corroboration reveals that there is likewise no merit in these enumerations.

6. Examination of the record indicates that appellant's seventh enumeration is also without merit. He alleges that his trial counsel failed to request the jury instructions discussed in Divisions 4 and 5, supra. Pretermitting further discussion of these issues, the record shows that trial counsel was sufficiently effective to succeed in winning acquittal of his client on one possession charge and one charge of aggravated assault upon a peace officer. To allege successfully that counsel was ineffective, appellant must "overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Gabler v. State*, 177 Ga. App. 3, 6 (338 SE2d 469) (1985).

"To establish that there has been actual ineffective assistance of counsel [under the standard of *Strickland v. Washington*, 446 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)], the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies." *Baggett v. State*, 257 Ga. 735 (363 SE2d 257) (1988). In view of the abundance of evidence of appellant's guilt cited in Division 1, supra, we find no reason to conclude that the result of the case would have been different, no matter who the defense counsel might have been — short, perhaps, of F. Lee Bailey.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 18, 1989 —
REHEARING DENIED NOVEMBER 14, 1989 —

*J. M. Raffauf*, for appellant.
*Robert E. Wilson, District Attorney, J. Michael McDaniel, Robert M. Coker, Assistant District Attorneys*, for appellee.