A91A0819. BAINES v. THE STATE.
(411 SE2d 95)

BEASLEY, Judge.

In this case of armed robbery, OCGA § 16-8-41, the evidence showed that appellant entered a Majik Market at approximately 1:00 a.m., on August 10, 1989, and forced the cashier, at gunpoint, to give him money. The cashier gave him $100, consisting of ten rolls of quarters. After the appellant left, the cashier immediately called the police, to whom he described the robber. A customer driving to the Majik Market observed a white pickup truck exiting the parking lot in a hurried manner with its lights turned off, and this was also communicated to the police. A white pickup truck was stopped by the police within a couple of miles of the store. Appellant was driving the truck, and Billy Rose White was a passenger. A handgun and a roll of quarters were found in the truck. Appellant was taken back to the Majik Market in a patrol car, and the cashier positively identified him

as the robber approximately 20 minutes after the robbery had occurred.

White gave a statement to the police implicating appellant. They appeared for a joint trial, but the trial court ruled that White's statement to the police was inadmissible, and a nolle prosequi was entered against White.

1. The trial court denied the motion for new trial, rejecting the ground of ineffective assistance of trial counsel.

In asserting an ineffective-assistance claim under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), defendant must make two showings: that counsel's performance was deficient; that the deficient performance prejudiced the defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985); *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988).

(a) Appellant's primary complaint concerns counsel's failure to use a statement by former co-defendant White that Baines left the handgun in the truck before going into the market and did not use it in perpetrating the robbery. If this were so, only the lesser-included offense of robbery by intimidation would have occurred. OCGA § 16-8-41 (a). Armed robbery, unlike robbery by intimidation, draws a mandatory minimum sentence of five years' imprisonment, without eligibility for parole. OCGA § 16-8-41 (b).

Baines urges a demonstration of ineffectiveness in counsel's failure to use White's statement for mitigation of punishment. The court imposed a sentence of seven years' imprisonment, noting that Baines was a first offender, had received an honorable discharge from the military, and had obtained a G. E. D. This same judge, knowing whether White's statement would have affected the choice of sentence, found that counsel was not ineffective. We cannot say that this finding was "clearly erroneous." *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

(b) Baines also complains of counsel's failure to use White's statement in the guilt-innocence phase of trial, in order to challenge the credibility of the cashier's testimony that Baines was the robber and used a gun.

At the hearing on the motion for new trial, counsel testified that he was aware of this statement and, in consultation with appellant, chose not to use it. The strategy selected was to require the State to prove beyond a reasonable doubt that appellant was in fact the person who had committed the robbery, rather than to introduce this statement and thereby admit appellant's participation in the crime. Baines hoped to be found not guilty altogether, for lack of identification beyond a reasonable doubt. Use of this statement, moreover, would only have authorized, but not compelled or assured, a conviction of the lesser crime. Counsel testified that once the charges

against the co-defendant were dismissed, there would be no statement by him implicating appellant because it had not been produced to the co-defendant; that the only solid piece of evidence against appellant was the roll of quarters; and that the descriptions of the vehicle, the weapon, and appellant were vague, questionable, and subject to challenge. Counsel also did not want to lose the right to closing argument by calling the accomplice as a witness.

As to the performance inquiry under *Strickland,* the question is "whether counsel's assistance was reasonable considering all the circumstances." In measuring this assistance, "[e]very effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time; . . . counsel is entitled to a 'strong presumption' (which the defendant must overcome) that counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment." *Smith v. Francis,* supra at 783, citing *Strickland.*

Appellant has not overcome this presumption.

(c) Other contended omissions on trial counsel's part are: he did not attend the preliminary hearing (he was not retained to represent appellant until after the preliminary hearing). He did not interview State's witnesses or obtain copies of their statements (he testified that he had been made privy to this information and was aware of what they had said). He did not file a *Brady* motion or other pretrial motions. He failed to call character witnesses. His statements in closing argument — that although the police testified as truthfully as they could, the State had not proved its case — were tactically unwise.

The latter two complaints again challenge the exercise of counsel's professional judgment in defending the case. His decisions were not unreasonable as a matter of law. The remaining complaints failed to evoke prejudice. "Concerning the prejudice component the [of *Strickland*], the Court held that defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . ." *Smith v. Francis,* supra at 783.

The view expressed in *Gates v. Zant,* 863 F2d 1492, 1498 (6) (11th Cir. 1989), citing *Strickland,* is pertinent here: "[g]iven the finite resources of time and money that face a defense attorney, it simply is not realistic to expect counsel to investigate substantially all plausible lines of defense. A reasonably competent attorney often *must* rely on his own experience and judgment, without the benefit of a substantial investigation, when deciding whether or not to forgo a particular line of defense. Consequently, counsel has rendered effec-

tive assistance even though he decided not to pursue a particular line of defense without substantial investigation so long as the decision was reasonable under the circumstances." (Emphasis in original.)

2. The next question is whether the State's failure to provide the defense with White's statement that Baines did not have a gun when he entered the store violated appellant's right to a fair trial under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and *United States v. Agurs*, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976). The *Brady* rule involves the discovery after trial of information unknown to the defense. *Ross v. State*, 254 Ga. 22, 30 (4c) (326 SE2d 194) (1985). This information was known to the defense.

3. The trial court did not err by failing to instruct the jury on circumstantial evidence under OCGA § 24-4-6 because direct evidence of guilt obviated the requirement of such a charge. See, e.g., *Terrell v. State*, 258 Ga. 722 (3) (373 SE2d 751) (1988). Also contrary to Baines' argument, the charge accurately defined the standard of reasonable doubt under Georgia law. See *Johnson v. Zant*, 249 Ga. 812, 818-819 (9) (295 SE2d 63) (1982).

4. Baines challenges the introduction of the cashier's identification of him, since single-suspect showups are inherently suspect.

Although the practice of showing suspects singly to a witness for identification purposes has been widely condemned, *Daniel v. State*, 150 Ga. App. 798 (1) (258 SE2d 604) (1979), "our appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. [Cits.]" *Arnold v. State*, 155 Ga. App. 782 (1) (272 SE2d 751) (1980). The showup of Baines was reasonably and fairly conducted and did not give rise to a likelihood of misidentification. See *McCounly v. State*, 191 Ga. App. 266 (2) (381 SE2d 552) (1989). As stated in *Coleman v. Alabama*, 399 U. S. 1, 5 (90 SC 1999, 26 LE2d 387) (1970), the primary evil to be avoided is the " 'substantial likelihood of irreparable misidentification.' *Simmons v. United States* [390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968)]."

5. The trial court's refusal to require White's presence at the hearing on the motion for new trial is enumerated as error.

Baines petitioned the trial court to certify that White, located in Arizona, was a material witness at the hearing and to recommend that he be taken into custody and delivered to an officer of this state in order to assure his attendance at such hearing. See OCGA § 24-10-94, part of the Uniform Act to Secure the Attendance of Witnesses From Without the State.

For reasons previously stated, White was not a necessary and material witness, and the trial court did not err in refusing to issue a certificate for his production. As discussed in *Mafnas v. State*, 149

Ga. App. 286 (1) (254 SE2d 409) (1979), a defendant does not have a right to such a witness and must show that the witness is necessary and material.

6. Appellant's final contention, that the evidence is insufficient to support the verdict, is rejected upon application of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Carley, P. J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Alice C. Stewart*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, J. Richard Edwards, Nancy I. Jordan, Assistant District Attorneys*, for appellee.