S91A1505. COCHRAN v. THE STATE.
(414 SE2d 211)

WELTNER, Presiding Justice.

Sanders Cochran was convicted of the shooting and killing of Darrell James with a handgun. He was sentenced to life imprisonment.[1]

---

[1] The homicide occurred September 21, 1989. The indictment was returned September 14, 1990; a verdict of guilty was found November 7, 1990; and the sentence was filed November 26, 1990. A motion for new trial was filed November 30, 1990, by appellate counsel; was amended April 2, 1991, to add a claim of ineffective assistance of trial counsel; and was denied June 18, 1991. The notice of appeal to this court was filed July 9, 1991, and the appeal

1. The evidence adduced at trial was sufficient to authorize the jury to find that Cochran and a co-defendant searched for, found, and assaulted the victim; that Cochran beat the victim with his hands and feet while the co-defendant beat him with a handgun; that the gun discharged twice during the assault; and that one projectile struck the victim in the head, killing him. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court heard evidence on Cochran's claim of ineffective assistance of trial counsel, and denied his motion for new trial. Cochran raises this issue on appeal.

(a) As we stated in *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990):

> *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), establishes the benchmarks for determining whether trial counsel's representation of a defendant in a criminal case was so deficient as to result in the denial of the defendant's right to assistance of counsel under the Sixth Amendment. . . . In determining whether the defendant has established that counsel's performance was constitutionally deficient, the court should keep in mind that "counsel's function . . . is to make the adversarial testing process work in the particular case." Id. at 690. "[C]ounsel has a duty to make reasonable investigations." Id. at 691. Moreover, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " [Cits.] [Id. at 461-462.]

The record establishes counsel's failure to prepare adequately for trial.[2] Counsel admitted these failures to act during testimony at the motion for new trial and attributed them to a lack of time to work on this case. Whatever the reason for counsel's failure to prepare,[3] we conclude that Cochran has made the first showing required under

---

was docketed in this court August 14, 1991, and argued October 16, 1991.

[2] 1) Counsel was appointed to the case approximately two weeks before Cochran's trial was scheduled to begin.

2) He filed no written motion for continuance.

3) He spent a total of 45 minutes with Cochran before the trial began.

4) He filed no pre-trial motions.

5) Prior to trial, he interviewed no witnesses listed in the indictment face-to-face.

6) He filed no written requests for jury charges.

[3] It appears from the testimony at the motion for new trial hearing that counsel had only a short period of time in which to prepare for this case; that he had duties in other courts; and that his mother's illness occupied a great deal of his out-of-court time.

*Strickland.*

(b) The second component of *Strickland* requires the defendant to show prejudice. The total failure of trial preparation in this case requires a disposition like that in *Ross v. Kemp*, 260 Ga. 312 (393 SE2d 244) (1990), where we held that there was

> evidence of ineffectiveness "so pervasive that a particularized inquiry into prejudice would be 'unguided speculation.' [Cit.]" *House v. Balkcom* [725 F2d 608, 620 (11th Cir. 1984).] [Id. at 315.]

*Judgment reversed. All the Justices concur, except Benham, J., who dissents; Sears-Collins, J., not participating.*

BENHAM, Justice, dissenting.

Although I agree with the majority that appellant has demonstrated that he received deficient representation at trial, I cannot agree that he has shown such prejudice from that deficiency as to warrant a new trial. For that reason, I must dissent to the reversal of his conviction on that ground.

My review of appellant's numerous allegations of ineffectiveness and of the record at trial leads me to separate the allegations of ineffectiveness into three groups. The first group includes matters as to which the record does not support appellant's contentions and matters about which there was a conflict in the evidence. The former includes, by way of illustration, the assertion that counsel failed to impeach the testimony of the medical examiner that there were no drugs in the victim's body. In fact, the medical examiner testified only that he had not tested the victim's body for drugs. The latter is represented by the assertion that counsel did nothing to prepare appellant for testifying: although appellant testified that counsel told him only to be calm, counsel testified that they discussed appellant's testimony prior to his taking the stand. There being evidence to support a finding that the allegations in this group were not factually correct, we must accept as to these allegations the trial court's finding, implicit in the denial of the motion for new trial on this ground, that there was no ineffectiveness. The second group involves decisions made at trial with regard to voir dire and the admission of evidence. Bearing in mind

> that every effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time [cit.] . . . [and] that counsel is entitled to a "strong presumption" (which the defendant must overcome) that counsel's conduct falls within the wide range of reasonable professional conduct and that all signifi-

cant decisions were made in the exercise of reasonable professional judgment [cit.]. [*Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985)],

I conclude that none of the conduct in that second group meets the first step in the analysis adopted in *Smith*, supra, i.e., "that counsel's performance was deficient." Id.

The third group of allegations is more problematical. These allegations primarily concern counsel's failure to prepare adequately for trial. "Counsel has a duty to make reasonable investigations." *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The record establishes clearly that counsel failed to file any motions or to conduct any investigation, both of which failures limited counsel's effectiveness at trial in examining witnesses, and failed to file any written requests for jury charges. Counsel admitted these failures to act during testimony at the motion for new trial and attributed them to a lack of time to work on this case. I conclude, therefore, that appellant was not given the benefit of the duty to investigate mentioned in *Strickland*, and that trial counsel was ineffective in that regard.

I do not, however, agree with appellant and the majority that *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990), controls this appeal and requires reversal. In contrast to that case, appellant here has not borne the burden of showing

> that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cits.] [Id. at 462.]

The appellant in *Jowers* showed that trial counsel permitted the prosecution to advance arguments and present evidence, without refutation, directly contradicting reports with which the defense had been supplied. The present case is more directly comparable to *Brown v. State*, 257 Ga. 277 (2) (357 SE2d 590) (1987). Here, as in *Brown*, there has been no showing that further investigation, pursuit of discovery, or calling additional witnesses would have resulted in any benefit to appellant at trial. Consequently, I would hold that appellant

> has failed to show that there is a reasonable probability sufficient to undermine confidence in the outcome that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. [*Smith v. Francis*, supra at 784.]

It follows, then, that appellant is not entitled to a new trial on the ground of ineffectiveness of counsel.

DECIDED MARCH 13, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992.

*Rubin, Winter & Rapoport, S. Richard Rubin,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers, Staff Attorney,* for appellee.