## S92A0500. GROSS v. THE STATE.
(416 SE2d 284)

FLETCHER, Justice.

Keith Gross was convicted of the murder of Thomas E. Douglass and sentenced to life imprisonment.[1] Gross asserts that he was denied

---

[1] The homicide was committed on August 25, 1987, and Gross was indicted on October 20, 1987. The jury convicted him on August 30, 1988, and he was sentenced on September 23, 1988. He filed a motion for a new trial on October 21, 1988, which was amended on December 7, 1990, and January 4, 1991. The trial court denied the motion on March 27, 1991. Gross

effective assistance of counsel because his trial counsel failed to present lay and psychiatric testimony, failed to request a self-defense charge, and acquiesced to the state's theory of the case. We affirm.

Gross followed his former girl friend, Annette Withers, and Douglass in an automobile to the home of Withers' mother to pick up some of his clothes. Gross testified that during this trip Douglass acted like he was loading a gun inside the car and that he hesitated as he was getting out of the car, as if he were reaching for a gun under the seat. Withers testified that Douglass got out of the car and was straightening his shirt when Gross shot him. Gross testified that he shot Douglass because he panicked and was scared from Douglass' threat earlier that day to shoot him. Douglass was unarmed. After his arrest, Gross waived his *Miranda* rights and made the following statement: "As Thomas was getting out of the car, I got the shotgun that I had in the floorboard. I asked Thomas, 'I thought you were going to blow my brains out.' He didn't say anything. I pointed the gun at Thomas and shot one time. I saw Thomas fall. I got into my car and left."

1. To establish ineffective assistance of counsel, Gross must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 784 (325 SE2d 362), cert. denied, 474 U. S. 925 (106 SC 260, 88 LE2d 266) (1985). The proper measure of attorney performance is reasonableness under prevailing professional standards. *Strickland*, 466 U. S. at 688; *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974). Gross has not established that he was denied reasonably effective assistance of counsel.[2]

Gross' attorney did not act deficiently in failing to present testimony from certain witnesses. The attorney explained that he chose not to present psychiatric testimony because he concluded that the doctor's testimony would be more harmful than helpful. His failure to call Gross' relatives to impeach the state's primary witness was similarly a tactical decision made during the trial.

Moreover, Gross fails to prove that these alleged deficiencies, along with the failure to present a justification defense, prejudiced his defense. When a defendant asserts a claim of ineffective assistance, the test is whether there is a reasonable probability the jury would

---

filed the notice of appeal on April 16, 1991, and an amended notice on April 23, 1991. The case was docketed on January 23, 1992, and submitted for decision on briefs without oral argument on March 10, 1992.

[2] Gross raised the issue of ineffective assistance of trial counsel in his amended motion for a new trial. The trial judge heard testimony from witnesses, including Gross' trial counsel, prior to denying the motion.

have reached a different verdict, absent the error of counsel. *Strickland*, 466 U. S. at 694; *Wadley v. State*, 258 Ga. 465, 467 (369 SE2d 734) (1988), cert. denied, 488 U. S. 1043 (109 SC 871, 102 LE2d 994) (1989). Gross fails to show that there is a reasonable probability that the jury would have found he acted in self-defense but for the inadequate performance of his attorney. There were three eyewitnesses to the crime; Gross followed the victim to the scene; the victim was unarmed, and Gross made a signed confession that was found to be voluntary.

2. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Gross guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 21, 1992.

*Hawk, Hawk & Lyons, Victor Hawk,* for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.