A92A0947. SOUTHERTON v. THE STATE.
(422 SE2d 251)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of driving under the influence and failure to dim headlights. A motion for new trial on the ground that appellant had been denied effective assistance of trial counsel was denied. Appellant appeals, enumerating as error only the denial of his motion for new trial.

Appellant's primary contention is that his trial counsel was ineffective because he refused to call one witness and failed to secure the testimony of another. However, his trial counsel addressed this issue at the hearing on the motion for new trial and his testimony "reflects a tactical decision by trial counsel made in the exercise of his professional judgment. As such, it affords no basis for reversal. [Cit.]" *Ivory v. State,* 199 Ga. App. 283, 284 (2) (405 SE2d 90) (1991).

Appellant also urges that his trial counsel failed to prepare sufficiently for trial and that appellant was not adequately prepared for direct and cross-examination. These contentions were directly rebutted by the testimony given by appellant's trial counsel at the hearing. "This conflict in the testimony properly could have been resolved by the trial court in counsel's favor." *Richardson v. State,* 194 Ga. App. 358, 359 (1b) (390 SE2d 442) (1990). Moreover, appellant's "counsel on appeal has failed to suggest what additional facts might have been revealed by further investigation or what additional defenses might have become apparent as the result of further research and preparation." *Askin v. State,* 178 Ga. App. 810, 811 (1) (344 SE2d 699) (1986).

Appellant urges that trial counsel failed to file pretrial motions and to consider obtaining an independent expert witness. However, trial counsel was provided with a list of witnesses and he determined that there were no custodial inculpatory statements. Appellant has not shown what, if any, scientific reports or exculpatory material could have been obtained. Trial counsel also testified that, considering the limitations appellant placed on the expenditure of funds, an economical but effective defense was provided. Accordingly, appellant's complaints "failed to evoke prejudice. . . . [Moreover,] '(g)iven the finite resources of time and money that face a defense attorney, it

simply is not realistic to expect counsel to investigate substantially all plausible lines of defense. A reasonably competent attorney often *must* rely on his own experience and judgment, without the benefit of a substantial investigation, when deciding whether or not to forgo a particular line of defense.' " (Emphasis in original.) *Baines v. State,* 201 Ga. App. 354, 356 (1c) (411 SE2d 95) (1991).

Although trial counsel may have failed to inform appellant of the right to have the trial and proceedings transcribed, appellant, through his appellate counsel, has not attempted to file a transcript or stipulation of the case pursuant to OCGA § 5-6-41 (g) or (i). Accordingly, we presume that the lack of actual transcription was not prejudicial to appellant. See *Sleeth v. State,* 201 Ga. App. 324, 326 (c) (411 SE2d 79) (1991); *Hasty v. State,* 195 Ga. App. 427 (394 SE2d 800) (1990).

The contention that trial counsel jeopardized appellant's right to appeal his convictions is obviously without merit. We have "reached the merits of [this appeal]. . . . Under these facts, there is no way in which the appellant could show deficiency and prejudice." *French v. State,* 261 Ga. 424 (405 SE2d 35) (1991).

It follows that the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*R. Andrew Fernandez,* for appellant.
*Richard H. Taylor, Solicitor,* for appellee.

