A93A0082. PITTS v. THE STATE.
(432 SE2d 643)

McMurray, Presiding Judge.

Defendant Pitts appeals his conviction of two counts of armed robbery and one count of theft by taking. *Held*:

1. The first enumeration of error questions the sufficiency of the evidence to authorize defendant's conviction. Viewed in the light most favorable to upholding the jury's verdict, the evidence established that defendant and an accomplice entered a jewelry store in Saint Marys and posed as customers before the accomplice pulled a gun and ordered the manager to the back of the store. The manager was handcuffed and forced to lie on the floor. Meanwhile defendant was telling his accomplice to "put on the gloves." When a customer walked into the store, he was also threatened with a gun, handcuffed,

and placed on the floor. Along with merchandise from the store, the store manager's personal jewelry was taken, as well as jewelry and car keys from the customer. The customer's car was also taken as the defendant and his accomplice departed the scene.

While the defendant presented an alibi defense, it is the task of the jury to weigh the evidence, determine credibility, and resolve conflicts in the testimony. This Court does not reweigh the evidence, but only determines whether it is legally sufficient. The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Widner v. State*, 203 Ga. App. 823, 825 (5) (418 SE2d 105).

2. The second enumeration of error contends that defendant did not receive effective assistance of counsel at trial. "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 784 (325 SE2d 362), cert. denied, 474 U. S. 925 (106 SC 260, 88 LE2d 266) (1985)." *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284).

Following the trial and sentencing, defendant's trial attorney filed a motion for new trial. The contention that defendant had not received effective assistance from trial counsel was raised in an amendment to the motion for new trial filed by defendant's appellate counsel. However, appellate counsel did not request an evidentiary hearing on this issue as required under *Dawson v. State*, 258 Ga. 380, 381 (2) (369 SE2d 897).

Usually such a failure to request a hearing on the ineffectiveness issue results in the waiver of the right to a hearing. However, the case sub judice is unusual in that regardless of defendant's failure to request an evidentiary hearing on the ineffective assistance of counsel issue, evidence on this issue, including the testimony of trial counsel, was received at the hearing on defendant's motion for new trial and considered by the trial court. The trial court's order denying defendant's motion for new trial states alternative theories for the rejection of defendant's claim of ineffective assistance of counsel. Citing *Dawson v. State*, 258 Ga. 380, 381 (2), supra and its progeny, the trial court held that defendant has waived the claim of ineffectiveness by appellate counsel's failure to request a hearing on that claim. However, we do not view *Dawson* as authorizing such a conclusion where, as in the case sub judice, an evidentiary hearing has been held despite the absence of any request for such on behalf of defendant. In our view, *Dawson* addressed only the preservation of defendant's right to an evidentiary hearing and was not intended to prohibit a trial court from exercising its discretion to receive evidence on this issue even in

the absence of a proper request. Once the trial court exercises its discretion so as to receive evidence on the ineffectiveness issue, the absence of a request by defendant for such a hearing is immaterial. Therefore, we conclude that the trial court, having exercised its discretion to receive evidence on the ineffectiveness issue, could not rely upon *Dawson* as a basis for denying defendant's motion for new trial. Under this view, the trial court having considered evidence and ruled on the ineffectiveness claim, it is ripe for appellate review.

The evidence submitted to the trial court was sufficient to permit a trier of fact to determine that trial counsel was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *White v. State*, 193 Ga. App. 428, 430 (2) (387 SE2d 921). See also *McAlister v. State*, 204 Ga. App. 259, 261 (2) (419 SE2d 64) and *Brown v. State*, 180 Ga. App. 361 (1), 362 (349 SE2d 250). In measuring the assistance rendered by trial counsel every effort must be made to eliminate the distorting effects of hindsight and evaluate trial counsel's conduct from counsel's perspective at the time. Also, trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable professional conduct. *Baines v. State*, 201 Ga. App. 354, 355 (1), 356 (411 SE2d 95). However, trial counsel has a duty to make reasonable investigations. *Cochran v. State*, 262 Ga. 106, 107 (2) (414 SE2d 211). The duty to conduct an investigation of the possible avenues of defense is tempered by practical restraints. It is not realistic to expect trial counsel to investigate all plausible lines of defense. Instead, the trial counsel's knowledge and experience is to be utilized in determining which lines of defense receive the greater effort. *Southerton v. State*, 205 Ga. App. 366, 367 (422 SE2d 251); *Baines v. State*, 201 Ga. App. 354, 356 (1c), supra.

Nonetheless, it appears that defendant's trial counsel failed to make minimal inquiries which would have revealed that the arrest of defendant was predicated on warrants issued without any showing of probable cause before the issuing magistrate. The warrants for defendant's arrest were apparently issued solely on the basis of the attached affidavits which, although satisfying the requirements of OCGA § 17-4-41, did not supply the magistrate with sufficient information to support an independent judgment that probable cause existed for the issuance of the warrants. See *Devier v. State*, 253 Ga. 604, 609 (5), 610 (323 SE2d 150).

Following his arrest, defendant gave an inculpatory statement to police which was admitted at trial. If trial counsel had discovered the illegality of the arrest of defendant, he could have prevented the introduction into evidence of the inculpatory statement. *State v. Harris*, 256 Ga. 24, 26 (2) (343 SE2d 483); *Ryals v. State*, 186 Ga. App. 457, 458 (2) (367 SE2d 309). In fact, trial counsel testified that he

either did not think of the possibility that the arrest warrant might have been illegally issued or assumed away that possibility based on the experience of the law enforcement officer involved. He also testified that he could not recall whether, at the time he was representing defendant, he was aware that there was a difference in the statutory requirements and the due process requirements for issuance of an arrest warrant.

While the trial court did not expressly address the issue of whether trial counsel's performance was deficient, we have reached the conclusion that it was. This conclusion was reached after considering the uncomplicated nature of the case against defendant, the obvious importance of defendant's confession to the State's case, and the small amount of time and effort which could have revealed the illegality of the arrest warrant.

The trial court also predicated its denial of defendant's motion for new trial on a conclusion that any deficiency on the part of trial counsel did not prejudice defendant. The applicable test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross v. State*, 262 Ga. 232, 233 (1), supra. In reaching the conclusion that defendant was not prejudiced, the trial court relies upon the weight of the evidence against defendant other than his inculpatory statement. See *Bradley v. State*, 193 Ga. App. 515, 517 (6) (388 SE2d 331); *Brown v. State*, 192 Ga. App. 867, 868 (2) (386 SE2d 673).

In our view, the trial court's conclusion on this point is clearly erroneous. Apart from his confession, the State's evidence against defendant consisted of the testimony of an admitted accomplice to the crime testifying under a grant of immunity and the identifications by the store manager and customer. This is evidence which a jury might discount due to concerns as to the credibility of the accomplice or the brief and stressful circumstances associated with the identification testimony. On the other hand, defendant presented the testimony of several witnesses that he was in Jacksonville, Florida, working on a car, at the time of the robbery. It seems clear to us that under these circumstances, defendant's confession could very well have influenced the verdict returned by the jury.

Therefore, we conclude that the trial court erred in denying defendant's motion for new trial. Defendant's remaining enumerations of error need not be addressed as they are either lacking in merit, rendered moot by our holding in Division 2, or unlikely to recur upon the retrial of the case.

*Judgment reversed. Cooper, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I agree that the information upon which the magistrate determined that there was probable cause to believe that a crime had been committed and that defendant had committed it was insufficient. There was *no* information on the source of the affiant police officer's knowledge as to these two factors. He merely swore *what* had occurred and who had committed the acts; he failed to reveal *how* he knew it. The latter is necessary so the magistrate can make an independent judgment as to whether the *source* of the information is reliable. *Devier v. State*, 253 Ga. 604, 610 (5) (323 SE2d 150) (1984); *Cofield v. State*, 247 Ga. 98, 109 (5) (274 SE2d 530) (1981). An officer's long-time experience on a police force is not a substitute for an independent judicial examination of source.

We conclude that if the arrest was without probable cause, defendant's inculpatory statement would have been inadmissible. This is not always so because, as applied in *Dunaway v. New York*, 442 U. S. 200, 216 (99 SC 2248, 60 LE2d 824) (1979), it is a separate question "whether the connection between [the] unconstitutional police conduct and the incriminating statements . . . obtained during [the] illegal detention was nevertheless sufficiently attenuated to permit the use at trial of the statement. . . ." The factors present in this case establish that defendant's statement was an exploitation of the illegal arrest. Consequently, as recognized in *Ryals v. State*, 186 Ga. App. 457, 458 (2) (367 SE2d 309) (1988), even if the statement was voluntary for Fifth Amendment purposes, it is inadmissible due to Fourth Amendment concerns.

Of course, defendant need not reach out to the federal constitution for protection of the right asserted here. The Georgia Bill of Rights gives assurance that "the right of the people to be secure in their persons . . . against unreasonable seizure shall not be violated." To secure this guarantee, it demands that "no warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the . . . persons . . . to be seized." 1983 Ga. Const., Art. I, Sec. I, Par. XIII. OCGA § 17-4-41 does not address probable cause but requires a specific description of the crime, to include the answers to the questions when, where, against whom, and what. Probable cause answers a threshold question, why do you believe this occurred, that is, upon what do you base this belief? The answer to this question is what the affidavits for Pitts' arrest lack.

DECIDED JUNE 15, 1993.

*James D. Stokes*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *C. Keith Higgins*, As-

*sistant District Attorney*, for appellee.