S07A0891, S07A1109. MITCHELL v. THE STATE (two cases).

(651 SE2d 49)

HUNSTEIN, Presiding Justice.

Melvin Edward Mitchell and Marvin Edwin Mitchell, who are brothers, were indicted on charges arising out of a supermarket armed robbery they committed and a vehicle collision, which caused the death of Dr. Jason Trotman, that occurred as they were fleeing from the police officers who had responded to the supermarket crimes. Each brother was tried separately and their respective juries found both men guilty of felony murder and other charges. The trial

---

court denied each appellant's motion for new trial.[1] Marvin Mitchell appeals in Case No. S07A0891 and Melvin Mitchell appeals in Case No. S07A1109. Finding no reversible error, we affirm in this consolidated opinion.

1. Based on our careful review of the two trial transcripts, we find that the jury in each case was authorized to find that appellants donned masks and robbed a supermarket on Highway 92 in Fayetteville. Supermarket supervisor Teresa Garner was forced at gunpoint to open the safe in the office and hand over the money inside; she was then taken back into the store and made to lie on the floor along with cashier Ben Frye and employee Richard Gibson. Appellants chased down grocery manager Donnie Bachelder and forced him at gunpoint to join the others. Appellants then fled the scene in a red Alero driven by appellant Melvin Mitchell. A supermarket employee who was in the parking lot observed the robbery and called 911. Police Officer Robert Mask, driving a marked patrol car with emergency lights and siren activated, responded to a "crime in progress" alert at the supermarket. Receiving information about the vehicle in which the suspects had fled and their direction, Officer Mask drove past the supermarket and within a short distance encountered a red car that made an abrupt left turn at a high rate of speed and then ran a red light. In pursuit, Officer Mask drove at speeds nearing 110 mph in order to keep visual contact with the car. A video camera in his patrol vehicle recorded the chase. At an intersection, the red car hit a retaining wall and rebounded at high speed into a stopped SUV that was driven by Dr. Trotman. The force of the collision caused Dr. Trotman's vehicle to flip over and he died at the scene. Expert medical testimony established that he was killed by blunt impact injuries to

---

[1] The crimes occurred on March 31, 2002. Marvin and Melvin Mitchell were indicted December 10, 2002 in Fayette County. They were both charged with felony murder (predicated on the armed robbery of Teresa Garner); two counts of felony murder (predicated on the kidnappings of Teresa Garner and Donald Bachelder); armed robbery; two counts of kidnapping (Garner and Bachelder); two counts of false imprisonment (for Ben Frye and Richard Gibson); and possession of a firearm during the commission of a crime. Melvin was also charged with felony murder (felony fleeing or attempting to elude a police officer) and with the predicate crime. On April 23, 2003, the jury that heard the charges against Marvin acquitted him on the two felony murder (kidnapping) counts and found him guilty of the remaining charges. He was sentenced the following day to life imprisonment and various terms of years for the remaining counts. On April 28, 2003, another jury acquitted Melvin on the two felony murder (kidnapping) counts and found him guilty of the remaining charges. He was sentenced that same day to life imprisonment and various terms of years for the remaining counts. Marvin filed a motion for new trial on April 28, 2003; Melvin's motion for new trial was filed May 7, 2003. Both motions, amended January 6, 2005, were denied August 26, 2005 and notices of appeal were filed September 23, 2005. This Court in *Mitchell v. State*, 280 Ga. 802 (633 SE2d 539) (2006) held that appellants were entitled to a free transcript. In accordance with that opinion, Melvin refiled his notice of appeal on February 12, 2007 and Marvin refiled his notice of appeal on February 21, 2007. Their appeals were redocketed on March 2, 2007 and were submitted for decision on the briefs.

the left side of his head and neck caused by the crash. Appellants fled on foot from the accident scene but were subsequently arrested. Recovered from the Alero were handguns, money and masks later identified as the ones used during the robbery.

> A murder may be committed in the commission of a felony, "although it does not take place until after the felony itself has been technically completed, if the homicide is committed within the res gestae of the felony." We have previously determined that a homicide is within the res gestae of the underlying felony of armed robbery when committed while the suspect is fleeing the crime scene. Relying on the weight of authority, we held that the under-lying felony "continues during the escape phase of the felony if there is a continuous pursuit immediately organized" and terminates when the perpetrator arrives at a place of seeming security, is no longer pursued, or is arrested.

(Footnotes omitted.) *Diamond v. State*, 267 Ga. 249, 250 (2) (477 SE2d 562) (1996) (felony murder conviction upheld for homicides caused in vehicle collision while defendant was fleeing scene of burglary). The evidence adduced was sufficient to enable each jury to find as to both appellants that Dr. Trotman was killed while appellants were fleeing the scene of the armed robbery at the supermarket. Accordingly, we conclude that a rational trier of fact was authorized to find appellants guilty beyond a reasonable doubt of felony murder predicated on armed robbery and the other crimes arising out of the supermarket robbery for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to appellant Melvin Mitchell's contention, he was not entitled to a directed verdict on the issue of venue because the trial transcript reveals that the State adduced sufficient evidence, in the form of direct testimony by Detective Bautista, for the jury to find beyond a reasonable doubt that all the charged crimes occurred in Fayette County. Compare *Jones v. State*, 272 Ga. 900 (2) (537 SE2d 80) (2000).

3. Judgments on both appellants' convictions were entered in April 2003 but their motions in arrest of judgment were not filed until January 2005. They were thus untimely. See OCGA § 17-9-61 (b) (motion in arrest of judgment must be made during term at which judgment was obtained); see also OCGA § 15-6-3 (19) (A) (Fayette County terms of court). Accordingly, we do not address the merits, if any, of appellants' claim that OCGA § 16-5-1 (c) is unconstitutionally

vague because it does not give adequate notice that killing a person in a car crash while fleeing the scene of a felony may constitute felony murder.

4. Appellants assert that the trial court erred by denying their special demurrers because the felony murder count of each indictment failed to give them sufficient notice as to how each appellant caused the death of Dr. Trotman during the commission of the supermarket armed robbery. However, "without harm, an erroneous overruling of a special demurrer is not a basis for reversal. [Cit.]" *Davis v. State*, 272 Ga. 818, 819-820 (1) (537 SE2d 327) (2000). Pretermitting the propriety of the trial court's rulings, appellants cannot show how any insufficiency in the indictment prejudiced them so as to require reversal. The record establishes that appellants had notice of what they were charged with, so that each appellant was able to intelligently prepare his defense and be safeguarded against double jeopardy. Neither appellant has shown how he was misled to his prejudice by any alleged imperfection in the indictment and we can discern no prejudice in either record. Any error in failing to try appellants upon a "perfect" indictment was, thus, manifestly harmless. See generally *State v. Eubanks*, 239 Ga. 483, 489 (238 SE2d 38) (1977).

5. (a) After the State's medical expert testified outside the presence of the jury that use of a seat belt would not have prevented the fatal injuries to Dr. Trotman, the trial transcript reveals that appellant Marvin Mitchell acquiesced in the trial court's grant of the State's motion to exclude evidence regarding Dr. Trotman's seat belt usage. Accordingly, he cannot now complain about that ruling. See generally *Castillo v. State*, 281 Ga. 579 (6) (642 SE2d 8) (2007) (failure to object at trial waives appellate review of the issue).

(b) The trial transcript reveals that appellant Melvin Mitchell expressly agreed that the trial court should grant the State's motion to exclude evidence regarding Dr. Trotman's seat belt usage. Accordingly, he cannot now complain about that ruling. See generally *Hancock v. State*, 277 Ga. 835 (5) (596 SE2d 127) (2004) (party cannot complain of ruling his own conduct aided in causing).

6. Both appellants contend they received ineffective assistance of counsel. To prevail on such a claim, appellants have to show both that their respective counsel's performance was deficient and that their defense was prejudiced by counsel's deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See also *Silvers v. State*, 278 Ga. 45 (2) (597 SE2d 373) (2004). To satisfy the first prong of this test, appellants must overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct; to meet the second prong, each must

show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. See *Crouch v. State*, 279 Ga. 879 (4) (622 SE2d 818) (2005).

(a) Both appellants contend that their respective counsel should have offered evidence to rebut the expert medical testimony presented by the State that Dr. Trotman's death could not have been prevented by his use of a seat belt. However, pretermitting the question of deficient performance, see *Walker v. Houston*, 277 Ga. 470 (1) (588 SE2d 715) (2003), neither appellant made any proffer to show that such rebuttal evidence existed. See *McDaniel v. State*, 279 Ga. 801, 802 (2) (c) (621 SE2d 424) (2005) (failure to proffer negates claim that trial counsel was ineffective in not producing expert rebuttal witness); see also *Dickens v. State*, 280 Ga. 320 (627 SE2d 587) (2006) (defendant must offer more than mere speculation that witness has relevant, favorable evidence that would have resulted in different verdict). Accordingly, appellants cannot prove that there is a reasonable probability that their trials would have ended differently.

(b) Trial counsel's failure to seek a directed verdict of acquittal was not deficient performance since, as noted in Division 1, supra, as to both appellants and also, as to Melvin, Division 2, supra, the evidence presented by the State was sufficient to authorize appellants' convictions. See *Coggins v. State*, 275 Ga. 479 (3) (569 SE2d 505) (2002).

(c) Appellants contend counsel's failure to request a charge on proximate cause in regard to the felony murder charge constituted ineffective assistance. However, in light of the overwhelming evidence presented at both trials that Dr. Trotman died as a result of the injuries received in the collision and in the absence of any evidence that Dr. Trotman's death could have been avoided had he used a seat belt, appellants cannot show that they were prejudiced by counsel's failure to request a charge on proximate cause. See generally *Landers v. State*, 270 Ga. 189 (4) (508 SE2d 637) (1998).

(d) Appellants contend trial counsel was ineffective for failing to request charges on involuntary manslaughter and vehicular homicide as lesser offenses. "Decisions on requests to charge involve trial tactics to which we must afford substantial latitude, and 'they provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.'. . . [Cit.]" *Lindo v. State*, 278 Ga. App. 228, 238 (4) (c) (628 SE2d 665) (2006). However, at the hearings on appellants' motions for new trial, neither appellant questioned their respective trial counsel regarding their reasons for not requesting those charges. Appellants thus have not overcome the presumption that counsel acted reasonably. See *Holmes v. State*, 273 Ga. 644 (5) (c) (543 SE2d 688) (2001).

See generally *Stokes v. State*, 281 Ga. 825 (8) (642 SE2d 82) (2007); *Morgan v. State*, 275 Ga. 222 (10) (564 SE2d 192) (2002).

(e) Marvin also contends trial counsel was ineffective because he failed to request a charge on a defendant's right to not testify during trial with no inference of guilt against him. Although Marvin did not question counsel about this decision at the new trial hearing, see Division 6 (d), supra, the transcript reveals that the trial court inquired whether defense counsel wanted the court to include such an instruction in its preliminary charge and that counsel declined, stating that it was not his practice to ask for such a charge unless some improper reference was made by the State and that he "would request it later if there was some sort of curative need for the charge." Our review of the transcript reveals that no such curative need arose during trial. Further, in light of the overwhelming evidence of Marvin's guilt, he has failed to show how this alleged instance of ineffectiveness of counsel could have prejudiced his defense. See *Brown v. State*, 192 Ga. App. 867 (2) (386 SE2d 673) (1989). We find no merit in this enumeration.

(f) As to Melvin's final argument regarding the admission at trial of his incriminating statements, because the transcript reveals that the only statements introduced at trial were not made in response to interrogation by police but instead were answers he provided to the nurse treating him at the hospital after the collision, we find meritless Melvin's claim that counsel was ineffective for not requesting a *Jackson-Denno* hearing regarding the admissibility of those statements.[2] See 2 LaFave, Israel & King, Criminal Procedure, § 6.10 (b) (2d ed. 1999) (*Miranda* does not govern interrogation by private citizens acting on their own). See generally *Ramsey v. State*, 272 Ga. 28 (2) (526 SE2d 842) (2000) (to suppress statements made before being advised of *Miranda* rights, appellant must show he was both in custody and interrogated when statements were made).

7. Both appellants also enumerate as error the trial court's denial of certain post-trial motions to produce. However, these enumerations are not supported by argument or citation of authority and are deemed abandoned. Supreme Court Rule 22.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Michael B. King*, for appellants.

---

[2] Melvin does not assert that his statements were not voluntary within the meaning of OCGA § 24-3-50. See generally *Griffin v. State*, 230 Ga. App. 318 (496 SE2d 480) (1998).

*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.